No. 26-10735-A

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CAIR FOUNDATION, et al.,

Plaintiffs – Appellees,

v.

GOVERNOR, STATE OF FLORIDA,

Defendant – Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

**APPELLEES' RESPONSE TO
MOTION FOR JUDICIAL NOTICE**

**SCOTT D. MCCOY**
Deputy Legal Director

**BRANT S. LEVINE**
Senior Staff Attorney

**SOUTHERN POVERTY LAW CENTER**
400 Washington Ave
Montgomery, AL 31604
(771) 215-8661
Brant.Levine@splcenter.org

## RESPONSE

This case involves a First Amendment challenge by civil rights organizations to an Executive Order issued by Florida Governor Ron DeSantis. The district court determined that the Executive Order likely violated the First Amendment and entered a preliminary injunction. On appeal, Governor DeSantis not only challenges the merits of this ruling, but he also argues that the district court judge is biased against him. To support this bias argument, Governor DeSantis asks this Court to take judicial notice of comments made by the district court judge in another case involving different parties. Dkt. 16 ¶ 1 (citing *Computer & Communications Industry Association, v. Uthmeier*, No. 4:24-CV-438, Dkt. No. 71, (N.D. Fla.)).

Federal Rule of Evidence 201 allows a court to take judicial notice of certain court proceedings, but "indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Indeed, this Court has cautioned that taking judicial notice is "a highly limited process" because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). Thus, "a court may take

1

notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *Jones*, 29 F.3d at 1553.

Appellees CAIR Foundation and CAIR-Florida (collectively, "CAIR") would have no objection if Governor DeSantis were simply asking this Court to take judicial notice that the district court held a hearing in another case involving a First Amendment challenge to state action in Florida. But Governor DeSantis goes further, asking this Court to consider the *substance* of that hearing. According to Governor DeSantis, bias can be inferred from two sentences uttered by the district court—during a three-and-a-half hour hearing. Dkt. 15 at 39 n.52. Those cherry-picked statements hardly qualify as "adjudicative facts not seriously open to dispute," and thus judicial notice is inappropriate. *Dippin' Dots, Inc. v. Frosty Bites Distrib.* 369 F.3d 1197, 1204 (11th Cir. 2004).

The cases cited by Governor DeSantis involving courts taking judicial notice of court filings do not help him because those cases involved courts taking judicial notice of related litigation between the parties. Dkt. No. 16 ¶ 5. Here, though, CAIR was not a party to the other

2

case, and the transcript in that other case has nothing to do with the First Amendment claims on appeal here. Thus, nothing in the case law cited by Governor DeSantis supports taking judicial notice of supposedly biased statements by the district court in another case.

## CONCLUSION

This Court should deny Appellant's motion to take judicial notice.

Respectfully Submitted,

**SCOTT D. MCCOY**
Deputy Legal Director

*s/ Brant S. Levine*

**BRANT S. LEVINE**
Senior Staff Attorney

**SOUTHERN POVERTY LAW CENTER**
400 Washington Ave
Montgomery, AL 31604
(771) 215-8661
Brant.Levine@splcenter.org

Attorneys for Appellees

April 30, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 457 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word 365.

s/*Brant S. Levine*
BRANT S. LEVINE

Date: April 30, 2026