No. 26-10735

# In the United States Court of Appeals for the Eleventh Circuit

---

CAIR FOUNDATION, ET AL.,
*Plaintiffs-Appellees,*

v.

GOVERNOR, STATE OF FLORIDA,
*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Northern District of Florida
No. 4:25-cv-516-MW-MJF

---

## REPLY IN SUPPORT OF JUDICIAL NOTICE

---

JAMES UTHMEIER
  *Attorney General*

RYAN D. NEWMAN
  *Chief Deputy Attorney General*

OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*david.dewhirst@myfloridale-
  gal.com*

DAVID M.S. DEWHIRST
  *Solicitor General*

JASON J. MUEHLHOFF
JEFFREY P. DESOUSA
  *Chief Deputy Solicitors General*

TYLER E. GUSTAFSON
  *Assistant Solicitor General*

CASEY J. WITTE
  *Solicitor General Fellow*

May 5, 2026

*Counsel for Governor Ron DeSantis*

## ARGUMENT

The Governor asked this Court to take judicial notice that Judge Mark E. Walker, the judge below, made several derogatory statements directed at Florida officials, as well as this Court, in a verified court transcript. Those statements demonstrate Judge Walker's bias against the Governor and the Attorney General, which goes directly to this Court's decision on whether to reassign this case on remand. CAIR does not—because it cannot—contest the accuracy of that transcript. CAIR instead imagines new rules of judicial notice and ignores that Judge Walker's statements are relevant in deciding whether to reassign this case on remand. This Court should accordingly grant the Governor's motion to take judicial notice.

CAIR's main contention is that this Court cannot take judicial notice of "the *substance*" of Judge Walker's hearing. Resp. 2 (emphasis in original). CAIR misunderstands the nature of judicial notice; obviously, a court cannot import factual "findings" or wholesale conclusions from another case. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). But courts regularly "take judicial notice of what was said . . . in another court proceeding," so long as the statements themselves "are not subject

1

to reasonable dispute." *BPI Sports, LLC v. ThermoLife Int'l LLC*, No. 19-60505-CIV, 2020 WL 10180910, at \*3 (S.D. Fla. Jan. 9, 2020).[1] No one reasonably disputes Judge Walker's statements *in this proper sense*—he made them, and they are reflected in a verified court transcript.

Without citing authority, CAIR also argues that this Court should deny the Governor's motion because Judge Walker's statements are irrelevant to the appeal and CAIR was not involved in *Computer & Communications Industries Association v. Uthmeier*. As to relevance, the Governor's Opening Brief details how Judge Walker's statements contribute to the "appearance of impropriety or a lack of impartiality in the mind of a reasonable member of the public." *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (per curiam). And CAIR's absence as party in *Uthmeier* doesn't matter. It's Judge Walker's demonstrated antipathy toward Florida officials that counts. The Attorney General—

---

[1] *Walther v. McIntosh*, No. 6:13-CV-472, 2013 WL 4028189, at \*2 (M.D. Fla. Aug. 7, 2013) ("[T]he Court does not take judicial notice of McIntosh's statements for their truth, but merely for the fact that they were uttered"); *United States v. Am. Diversified Def., Inc.*, 702 F. Supp. 1551, 1552 (N.D. Ala. 1988) ("This court necessarily takes judicial notice of what was said and done during the [proceeding]."); *see also United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (taking judicial notice of details drawn from trial transcript in an unrelated case).

who represents the Governor here—was the defendant Judge Walker maligned in *Uthmeier*. In any event, no "related party" requirement exists when it comes to judicial notice. *See* Fed. R. Evid. 201.

To hold otherwise would chill this Court's ability to fully consider the "pervasive bias" against State defendants and counsel who are repeatedly hauled into Judge Walker's court. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) (quoting *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975)).

## CONCLUSION

This Court should grant the motion to take judicial notice.

Dated: May 5, 2026

Respectfully submitted,

JAMES UTHMEIER
  *Attorney General*

RYAN D. NEWMAN
  *Chief Deputy Attorney General*

OFFICE OF ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, FL 32399
david.dewhirst@myfloridalegal.com
jenna.hodges@myfloridalegal.com

/s/ David M.S. Dewhirst
DAVID M.S. DEWHIRST
  *Solicitor General*

JEFFREY PAUL DESOUSA (FBN 110951)
JASON J. MUEHLHOFF
  *Chief Deputy Solicitors General*

TYLER E. GUSTAFSON (FBN 1049292)
  *Assistant Solicitor General*

CASEY J. WITTE (FBN 1070288)
  *Solicitor General Fellow*

*Counsel for Governor Ron DeSantis*

3

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 533 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ David M.S. Dewhirst*

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2026, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ David M.S. Dewhirst*

4